Dear Mayor Thompson:
budgeted for the purpose of entertainment and attractions. Our office received an opinion request from you concerning the authority of the Mayor of Jonesboro with respect to spending money for entertainment and attractions, as allocated in the budget by the Board of Aldermen. Your letter indicates that the Town of Jonesboro has hosted a gospel concert for the past two years. Recently, however, members of the Board of Aldermen have expressed concern over whether this is an allowable use of taxpayer dollars. In particular, your letter asks our office to address whether the Mayor has the authority to host an event such as a gospel concert if the funding for the event does not exceed the amount allocated by the Board of Aldermen in the funds budgeted for the purpose of entertainment and attractions.
The Town of Jonesboro operates under the Lawrason Act, La.R.S.33:321-463. A duty of the Mayor, as described by La.R.S. 33:404(A)(5), is to prepare and submit an annual operational budget to the Board of Aldermen in accordance with the Louisiana Local Government Budget Act, La.R.S. 39:1301-1315. Consistent with La.R.S. 39:1311(C),
 [t]he adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year.
As the above indicates, the chief executive officer, which is the Mayor in this case, has the authority to incur liabilities and authorize expenditures within the bounds of the amount allocated for such in the adopted or amended budget. See also La. Atty. Gen. Op. Nos. 09-0132, 06-0053, 03-0355, 01-14. Therefore, the authorization by the Mayor to utilize money budgeted for entertainment purposes for a gospel concert does not violate the Louisiana Local Budgetary Act. *Page 2 
Although your request does not provide the requisite information to determine whether or not there are other constitutional considerations, we caution you as to the potential applicability of La.Const. art. VII, § 14.[1] Because this issue involves the expenditure of public funds, La.Const. art. VII, § 14 must be considered, which provides, in pertinent part:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
In Board of Directors of the Industrial Development Board of the City ofGonzales, Louisiana, Inc. v. All Taxpayers, Property Owners, Citizens ofthe City of Gonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11 (the"Cabela's" case), the Louisiana Supreme Court abandoned its prior analysis in City of Port Allen. v. Louisiana Mun. Risk Mgmt. Agency,Inc., 439 So.2d 399 (La. 1983), and articulated a new standard of review governing La.Const. art. VII, § 14(A), stating that La.Const. art. VII, § 14(A) "is violated when public funds or property are gratuitously alienated." Cabela's, 938 So.2d at 20.
In light of the Cabela's case, it is the opinion of this office that in order for an expenditure or transfer of public funds to be permissible under Art. VII, Sec. 14(A), the public entity must have the legal authority to make the expenditure and must show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. TheCabela's standard places a strong emphasis on the reciprocal obligations between the parties to ensure that there is not a gratuitous donation of public funds.
We note that your request letter does not address whether there is an admission charge for attendance to the concert. This information would clearly factor into the potential applicability of La.Const. art. VII, § 14. Please understand that if a fee is charged for attendance, any funds derived as a result of the concert belong to the Town.
However, if the event is provided to the citizens without charge, this office has previously opined on the appropriateness of a municipality's support of a music event with public funds. In La. Atty. Gen. Op. No. 02-0157, this office addressed whether it was proper for the Rapides Parish Police Jury to expend public funds to support a "Jazz on the River" activity. Noting that La.R.S. 51:1201 authorizes parishes, municipalities and port authorities to advertise as they deem appropriate to promote, encourage, and develop industry, trade and commerce, the opinion stated that if the Police Jury's *Page 3 
participation in this event was for this purpose, this was a permissible expenditure of public funds.
In conclusion, the Mayor has the authority to expend public funds to promote, encourage, and develop industry, trade and commerce, which may include the Town hosting a music event, if the funding for the event does not exceed the amount allocated by the Board of Aldermen in the funds budgeted for the purpose of entertainment and attractions.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
 With best regards,
 JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
 BY: __________________________ Emalie A. Boyce Assistant Attorney General
 JDC: EAB
[1] We understand your opinion request to concern the authority of the Mayor with respect to funds already budgeted by the Board of Aldermen. Therefore, any potential federal constitutional question involving the appropriateness of a government-sponsored gospel event is not addressed in this opinion.